# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LUIS A. URENDA-BUSTOS, | Case No. 2:18-cv-01073-JCM-DJA |
| Petitioner, | **ORDER** |
| v. | |
| JERRY HOWELL, et al., | |
| Respondents. | |

This is a stayed and closed habeas corpus action under 28 U.S.C. § 2254. The court stayed the action while petitioner exhausted his state-court remedies for his claim under McCoy v. Louisiana, 138 S. Ct. 1500, 1509 (2018), that trial counsel conceded petitioner's guilt against petitioner's express assertion to maintain his innocence. ECF No. 46. The state-court proceedings have concluded, and petitioner has filed a motion to reopen. ECF No. 47. Respondents do not oppose the motion. ECF No. 48. The court finds that good cause exists to grant the motion.

IT THEREFORE IS ORDERED that petitioner's motion to reopen (ECF No. 46) is **GRANTED**.

IT FURTHER IS ORDERED that the clerk of the court reopen this action and lift the stay.

IT FURTHER IS ORDERED that petitioner will have until up to and including 60 days from entry of this order within which to file an fourth amended petition and/or seek other

1

appropriate relief.  Neither the foregoing deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the federal limitation period and/or of a basis for tolling during the time period established.  Petitioner always remains responsible for calculating the running of the federal limitation period and timely asserting claims, without regard to any deadlines established or extensions granted herein.  That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely.  See Sossa v. Diaz, 729 F.3d 1225, 1235 (9th Cir. 2013).

IT FURTHER IS ORDERED that respondents must file a response to the fourth amended petition, including potentially by motion to dismiss, within 60 days of service of the fourth amended petition and that petitioner may file a reply within 30 days of service of an answer.  The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, will be governed instead by Local Rule LR 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by respondents to the counseled fourth amended petition must be raised together in a single consolidated motion to dismiss.  In other words, the court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive motions to dismiss or embedded in the answer.  Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.  Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, must be included with the merits in an answer.  All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

IT FURTHER IS ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state court written decision and state court record materials, if any, regarding each claim within the response as to that claim.

DATED: May 13, 2021.

*(signature)*
JAMES C. MAHAN
United States District Judge