UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Luis Urenda-Bustos,

Petitioner

v.

Ronald Oliver, et al.,

Respondents

Case No. 2:18-cv-01073-CDS-DJA

**Order Granting in Part Respondents' Motion for Relief from Judgment**

[ECF No. 105]

This habeas matter is before the court on the respondents' motion for relief from judgment. ECF No. 105. For the reasons discussed below, the respondents' motion is granted in part and denied in part.

## I. Background

On September 6, 2024, the court conditionally granted a writ of habeas corpus on Ground 3(B)(4) of petitioner Luis Urenda-Bustos's fourth amended petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF Nos. 91; 92. The court vacated the state court's judgment of conviction and ordered Urenda-Bustos released from custody within 30 days of judgment, if affirmed, or the expiration of the periods for seeking such appeal or review, unless the State files in this matter a written notice of election to retry petitioner within the 30-day period and thereafter commences jury selection in the re-trial within one hundred twenty days following the filing of the notice of election to retry Urenda-Bustos. *Id.*

On April 2, 2025, the court denied the respondents' motion for reconsideration. ECF No. 101. On April 28, 2025, the respondents filed a notice of intent to retry Urenda-Bustos. ECF No. 102. On May 13, 2025, the Clark County District Attorney's Office notified the respondents' counsel that it was believed Urenda-Bustos was deported. ECF No. 103-1. On May 15, 2025, the

respondents' counsel received communication that Urenda-Bustos was "released-removed" from Nevada Southern Detention Center on January 28, 2025. ECF No. 103-2. On May 16, 2025, the respondents' counsel obtained a docket sheet from the Executive Office for Immigration Review (EOIR) stating, "The immigration judge ordered REMOVAL" on January 16, 2025. ECF No. 103-3. On May 19, 2025, the respondents moved for relief from judgment. ECF No. 103. On June 6, 2025, the court granted that motion in part and denied in part and modified the judgment to extend the deadline for compliance with the conditional writ to August 26, 2026. ECF No. 104.

**II. Discussion**

The respondents do not know Urenda-Bustos's whereabouts and filed a timely request that this court issue an order that the judgment in this case is "'satisfied' or 'discharged' or that 'applying it prospectively is no longer equitable' under Fed. R. Civ. P. 60(b)(5), by relieving the state of the need to commence jury selection within a certain timeframe when retrying Urenda-Bustos." ECF No. 105 at 2. Respondents alternatively request a 365-day extension to commence jury selection. *Id.* Urenda-Bustos filed no opposition and the time to do so has expired.

When a court issues a writ of habeas corpus, it declares in essence that the petitioner is being held in custody in violation of his constitutional rights. *See* 28 U.S.C. § 2254(a); *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "The typical relief granted in federal habeas corpus is a conditional order of release unless the State elects to retry the successful habeas petitioner, or in a capital case a similar conditional order vacating the death sentence." *Herrera v. Collins*, 506 U.S. 390, 403 (1993). The Ninth Circuit has held that a district court can modify its conditional writ even after the time provided in the conditional writ has lapsed. *See Harvest v. Castro*, 531 F.3d 737, 744 (9th Cir. 2008) "Logically, the equitable power of the district court in deciding a habeas corpus petition includes the ability to grant the state additional time beyond the period prescribed in a conditional writ to cure a constitutional deficiency." *Id.* (citing *Gilmore v. Bertrand*, 301 F.3d 581, 582–83 (7th Cir. 2002)). Such modifications are governed by the Habeas Rules and, by incorporation, the Rules of Civil Procedure, including Fed. R. Civ. P. 60. *See id.* at 745.

Fed. R. Civ. P. 60(b)(5) provides in relevant part:

> On motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons . . . (5) the judgment has been satisfied, released, or discharged; it is based on earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . ..

Under Rule 60(b)(5), modification of the conditional writ is warranted if there is "a significant change either in factual conditions or in law." *Harvest*, 531 F.3d at 748; *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 384 (1992). Modification may be warranted when the State proves there has been an intervening change in law or demonstrates the petitioner's actions have inhibited the efforts of the State to retry or resentence the petitioner. *See Harvest*, 531 F.3d at 748–49; (citing *Gibbs v. Frank*, 500 F.3d 202, 208–09 (3d Cir. 2007) (granting Commonwealth's motion to modify conditional writ when Commonwealth demonstrated petitioner was at least partially at fault for delay).

The respondents state that although there is an active bench warrant for Urenda-Bustos, his whereabouts are unknown, and it appears that he was deported. ECF No. 105 at 2. The State cannot retry Urenda-Bustos without his presence. The circumstances present a legitimate reason for the delay in retrying him. It is equitable, however, for the judgment to have prospective application because, if Urenda-Bustos returns to the United States, it will be inequitable to enforce the judgment this court previously vacated and for which the conditional writ issued. So the court will grant the respondents' alternative request for a 365-day extension to commence jury selection.

## III. Conclusion

I therefore order that the respondents' motion for relief from judgment **[ECF No. 105] is granted in part and denied in part**.

I further order that the judgment [ECF No. 92] is modified to extend the deadline for compliance with the conditional writ to August 26, 2027.

Dated: October 7, 2026

_______________________________
Cristina D. Silva
United States District Judge